**STATE OF MONTANA,**
    **Plaintiff,**                    **Cause No. DC-05-029**
**vs.**                             **Amended Judgment**
**ROBERT TRIPLETT,**          **and Commitment**
    **Defendant.**

On February 23, 2006, the defendant was sentenced to twelve (12) years in the Montana State Prison, with four (4) years suspended, with no parole eligibility until the Defendant has completed Phase I and II of the Sex Offender Treatment Program, for the offense of Sexual Intercourse Without Consent, a felony.

On May 5, 2006, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Ali Moulton. The state was not represented.

The Defendant having been duly informed of the amended judgment and commitment, and having waived his right to appear before the undersigned for this pronouncement of sentence, whereupon,

IT IS ORDERED, ADJUDGED AND DECREED that the sentence shall be amended as follows: Forty (40) years in the Montana State Prison. Execution of such sentence shall be suspended pursuant to Section 46-18-222(6), MCA, upon the Court's determination that treatment of the Defendant in the local community affords a better opportunity for rehabilitation of the Defendant and for the ultimate protection of the victim and the community. The Court specifically finds that supervised release of the Defendant under the strict terms and conditions outlined in this Judgment will create a meaningful chance of rehabilitation of the Defendant.

Due to the Defendant's criminal history it is recommended he be accepted into outpatient treatment on a probationary period of six (6) months with close supervision to insure treatment compliance. Should the Defendant fail to meet the treatment and/or probation requirements, he should be required to complete the sex offender treatment in the Montana State Prison inpatient program. Treatment recommendations include: Completion of two (2) years minimum of treatment in a treatment program with standards at least equivalent to the Montana Sex Offender Treatment Association Standards or the national standards of the Association for the Treatment of Sexual Abusers.

The following conditions shall also be implemented as part of the Defendant's compliance of the terms of probation:

1. The Defendant shall be given polygraphs during treatment to assist in monitoring.

2. The Defendant shall pay for victim's related treatment where needed.

Condition #26 of the judgment shall be amended to read: The Defendant will not use or possess pornography, erotica, x-rated videos, (including explicit R-rated and cable channels), adult books or magazines such as Play-boy or Penthouse, frequent adult book stores, topless bars, and massage parlors. No 900 numbers and no Internet access as porn is easily accessed through the Internet. No cell phones with photo, video, or Internet capabilities allowed. If a cell phone is used, all bills and records will be made available to the treatment team/probation officer.

It is suggested the Defendant's wife will need to be approved as a chaperone before he is allowed to be around minor children in his home. This is a precaution that will not only protect the children in the home, but will protect the Defendant from further accusations.

The remaining terms and conditions of the trial court's sentence and judgment dated February 23, 2006, shall, in so far as they are not inconsistent herewith, remain unchanged.

DATED this 8th day of June, 2006.

Hon. Ted L. Mizner, District Court Judge